UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KONRAD STIMSON,

          Plaintiff,

    v.

CALIFORNIA TEACHERS CREDENTIALING COMMISSION, ET AL.,

          Defendant.

Case No. 2:26-cv-00393-DJC-CKD

FINDINGS AND RECOMMENDATIONS

(ECF No. 8)

Pending before the Court is Plaintiff Konrad Stimson's emergency supplement to the Complaint, which the Court construes as a motion for a temporary restraining order (ECF No. 8.) Plaintiff is appearing without counsel. Pursuant to Local Rule 230(g), the Court submits the motion upon the record and briefs on file.

For the reasons that follow, the Court RECOMMENDS dismissing Plaintiff's motion.

///

///

///

///

1

## I.   BACKGROUND

### A.   Factual Allegations[1]

Plaintiff held a California Intern Moderate Severe Education Specialist Instruction Credential issued July 29, 2021, valid through August 1, 2023. Compl. ¶ 44. Plaintiff also held three Arizona teaching certificates. *Id*. at ¶ 3. Plaintiff was employed by Milpitas Unified School District ("MUSD"). *Id*. at ¶ 2. On May 20, 2022, Plaintiff was issued a letter of reprimand by MUSD that alleged, among other things, that Plaintiff grabbed a female student's arm and that a faculty member observed Plaintiff recording a female student on video. *See Id*. at ¶¶ 66-70. Also, on or about May 20, 2022, MUSD issued Plaintiff a "Notice of Non-Reelection," which terminated his employment. *Id*. at 80. MUSD sent the report to the California Teachers' Credentialing Commission ("CTC"). *Id*. at ¶ 82. The CTC revoked Plaintiff's teaching credential on July 5, 2024. *Id*. at 86.

The Arizona State Board of Education commenced a reciprocal action against Plaintiff, and on December 8, 2025, the Board issued an order preventing Plaintiff from seeking professional educator certifications in Arizona for seven (7) years. *Id*. at 102.

### B.   Procedural Posture

On February 12, 2026, Plaintiff filed a Complaint against Defendants CTC and Arizona State Board of Education alleging Due Process violations under the Fifth and Fourteenth Amendments, Title IX sex discrimination, and a conspiracy to deprive Plaintiff's civil rights under 42 U.S.C. § 1985. (ECF No. 1.) Defendant CTC filed a motion to dismiss and to quash service of summons on March 5, 2026. (ECF No. 7.) On March 9, 2026, Plaintiff filed an emergency supplement, which the Court construes as a request for a temporary restraining order. (ECF No. 8.) Defendant Arizona State Board of Education has not yet appeared in the case. *See* Docket.

/ / /

---

[1] These facts primarily derive from the complaint (ECF No. 1), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

## II.   LEGAL STANDARDS

The relief Plaintiff seeks is governed by Rule 65 of the Federal Rules of Civil Procedure. The analysis for granting a temporary restraining order ("TRO") or preliminary injunction is "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Both remedies are "extraordinary and drastic," *Lopez v. Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012) (internal citation omitted), and "may only be awarded upon a clear showing that the plaintiff is entitled to such relief," *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 22 (2008). "A plaintiff seeking [injunctive relief] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 20. Courts in the Ninth Circuit may alternately apply a "serious questions" test and issue injunctive relief where a plaintiff raises "serious questions going to the merits" and "the balance of hardships tips sharply in plaintiff's favor," if the other *Winter* factors are also met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

The Eastern District of California's local rules impose specific requirements on those who request a temporary restraining order. *See* Local Rule 231. When deciding whether to issue a temporary restraining order, the court may rely on declarations, affidavits, and exhibits, among other things. *See Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009). This evidence need not conform to the standards that apply at summary judgment or trial. *Id*.; *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984).

## III.   DISCUSSION

Plaintiff alleges he sought a petition for reinstatement before Defendant CTC and was issued a denial on February 20, 2026. ECF No. 8 at 2. The date Defendant CTC's decision will become final, and the denial of Plaintiff's credentials will become effective, is March 22, 2026. *Id*. at 10. Concurrently, Plaintiff filed a writ of mandate in the Sacramento Superior Court on or before February 19, 2026. *Id*. at 5. Plaintiff seeks an order issuing an emergency stay of Defendant CTC's March 22, 2026, credential revocation effective date while Plaintiff's writ of mandate is pending in the Sacramento Superior Court. *Id*. at 7.

3

As a preliminary matter, Plaintiff has not satisfied the requirements of this court's local rule governing applications for TROs and preliminary injunctions. *See* Local Rule 231. "Except in the most extraordinary of circumstances, no [TRO] shall be granted in the absence of actual notice to the affected party and/or counsel…." Local Rule 231(a). Plaintiff has not filed an affidavit detailing notice or efforts to effect notice. In addition, Plaintiff has not filed a brief on all relevant legal issues or an affidavit in support of the existence of an irreparable injury. *See* Local Rule 231(c) & (d)(2). The motion is procedurally defective. *See Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."); *Nible v. Macomber*, No. 2:24-cv-01259-DJC-CSK-PC, 2024 WL 2133319, at *2 (E.D. Cal. May 13, 2024) (finding pro se plaintiff's failure to comply with Local Rule 231 sufficient to deny the motion).

Plaintiff also does not establish the likelihood that he will suffer irreparable harm in the absence of preliminary relief. The emergency relief Plaintiff requests is an emergency stay of Defendant CTC's March 22, 2026 credential revocation effective date while Plaintiff's writ of mandate is pending in the Sacramento Superior Court. Emergency Mot. at 7. However, Plaintiff's exhibit shows the March 22, 2026 event is actually the date on which the decision on the denial of his Petition for Reinstatement becomes final. Emergency Mot. at 10. Plaintiff describes this as a "career-ending sanction [from] being permitted to stand." Emergency Mot. at 6. Plaintiff further describes the "stakes" of his motion for injunctive relief as "permanent revocation of teaching credentials in two states, foreclosure of a professional career, [and] ongoing reputational harm." *Id*. These descriptions of alleged irreparable harm are vague and speculative. "A loss of earnings and damage to reputation is generally insufficient to support a finding of irreparable harm and provide a basis for temporary injunctive relief." *Rodriguez Yaben v. Oregon Jud. Dep't*, 2025 WL 2426703, at *1 (D. Or. Aug. 21, 2025). And here, Plaintiff does not identify any specific consequences, employment-related or otherwise, that will result from the denial of his Petition for Reinstatement becoming final on March 22, 2026. Plaintiff has not demonstrated immediate threatened injury or a likelihood of irreparable harm as a prerequisite to preliminary injunctive relief. *See Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1201

4

(9th Cir. 1980); *FDIC v. Garner*, 125 F.3d 1272, 1279 (9th Cir. 1997) (the threat of injury "must be imminent, not remote or speculative"), *cert. denied*, 523 U.S. 1020 (1998).

In addition, Plaintiff fails to demonstrate he is likely to succeed on the merits of his claims as required for a TRO to issue. Plaintiff, as the moving party, bears the burden of establishing the merits of his claims. *See Winter*, 555 U.S. at 20. Plaintiff does not furnish the court with evidence in support of the merits of his claims. The merit of Plaintiff's claims will depend on resolution of disputed factual issues which are not before the court.

In sum, without showing a likelihood of success on the merits, or a likelihood of irreparable harm, Plaintiff cannot establish that a temporary restraining order or preliminary injunction is appropriate. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter*, 555 U.S. at 20).

## IV.    CONCLUSION

Based upon the findings above, it is RECOMMENDED:

1.    Plaintiff's motion for a temporary restraining order (ECF No. 8) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  March 13, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, stim.0393