UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KONRAD ALEXANDER STIMSON,<br>Plaintiff,<br>v.<br>CALIFORNIA COMMISSION ON TEACHER CREDENTIALING, et al.,<br>Defendant. | No. 2:26–cv–00393–DJC–CKD (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 9, 27, 31, 38, 45, 48, 51, 52, 56) |

Pending before the Court is Defendant California Commission on Teacher Credentialing's motion for abstention, Arizona State Board of Education's motion to dismiss, and Plaintiff Konrad Alexander Stimson's "Emergency Supplemental Motion," motion for preliminary injunction, motion to compel production of audio recording, request for judicial correction of counsel, motion to file supplemental argument, supplemental motion for a preliminary injunction, motion for sanctions, motion to strike Defendant Arizona State Board of Education's motion to dismiss, and "Motion for Equal Application Governing Procedural Standards Governing Default and Relief from Default." (ECF Nos. 9, 27, 31, 38, 45, 48, 51, 52, 56.) Plaintiff is appearing without counsel. Pursuant to Local Rule 230(g), the Court submits the motion upon the record and briefs on file and vacates the July 29, 2026, hearing.

/ / /

**BACKGROUND**

A summary of the factual allegations derived from the Complaint can be found in the Court's findings and recommendations on Plaintiff's motion for a temporary restraining order. (ECF No. 14.)

Plaintiff initiated this action by filing a Complaint against Defendants California Commission on Teacher Credentialing ("CCTC") and Arizona State Board of Education ("ASBE") on February 12, 2026. (ECF No. 1.) Defendant CCTC filed a motion to dismiss on March 5, 2026, with a hearing noticed for April 8, 2026. (ECF No. 7.) Plaintiff filed a motion for a temporary restraining order on March 9, 2026. (ECF No. 8.) Also on March 9, 2026, Plaintiff filed a filing titled "Emergency Supplemental Motion." (ECF No. 9.) On March 10, 2026, Plaintiff requested entry of default against Defendant CCTC and was declined on March 12, 2026. (ECF Nos. 10, 13.) Also on March 10, 2026, Plaintiff filed a motion for an expedited discovery and filed a notice of waiver of service as to Defendant ASBE. (ECF Nos. 11, 12.) On March 12, 2026, Plaintiff filed a motion for default judgment against Defendant CCTC. (ECF No. 15.) On March 13, 2026, the undersigned issued findings and recommendations that Plaintiff's motion for a temporary restraining order be denied. (ECF No. 14.) On March 16, 2026, Plaintiff filed an opposition to Defendant CCTC's motion to dismiss. (ECF No. 17.) On April 1, 2026, Defendant CCTC withdrew its motion to dismiss. (ECF No. 25.)

On April 2, 2026, Defendant CCTC filed a motion for abstention, with a motion hearing set for May 13, 2026. (ECF No. 27.) Defendant CCTC concurrently filed a request for judicial notice. (ECF No. 28.) On April 13, 2026, Plaintiff filed an opposition to the motion for abstention, as well as a motion for a preliminary injunction, motion to compel production of audio recording, and judicial correction of counsel. (ECF No. 31.) Also on April 13, 2026, Plaintiff filed a motion to serve 125 interrogatories per Defendant and a request for a Rule 26(f) discovery conference. (ECF No. 32.) On April 17, 2026 the Court reset the hearing date and noticed a hearing date for the motion for preliminary injunction and motion to compel for May 20, 2026. (ECF No. 34.) Plaintiff later filed a motion for leave to file supplemental argument on April 24, 2026. (ECF No. 38.) On April 27, 2026, the Court vacated Plaintiff's hearing date on the motion

and noticed it for the May 20, 2026 hearing set for the motions for abstention, preliminary injunction, and motion to compel. (ECF No. 39.) Also on April 27, 2026, Defendant CCTC filed oppositions to the motion to compel and motion for preliminary injunction. (ECF Nos. 40. 41.) On April 29, 2026, the District Judge signed an order adopting the Court's findings and recommendations denying the motion for a temporary restraining order. (ECF No. 43.)

On May 6, 2026, Defendant ASBE filed a motion to dismiss with a hearing noticed for June 3, 2026. (ECF No. 45.) On May 11, 2026, Plaintiff filed a request for entry of default which was declined on May 12, 2026. (ECF Nos. 54, 55.)

Also on May 11, 2026, Plaintiff filed a supplemental motion for a preliminary injunction; a motion to compel production of hearing recording; a motion for sanctions against Deputy Attorney General Jeff Stone pursuant to 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11; and a motion to strike Defendant ASBE's motion to dismiss. (ECF Nos. 48, 50, 51.) On May 12, 2026, Plaintiff filed a "Motion for Equal Application of Procedural Standards Governing Default." (ECF No. 56.)

On May 14, 2026, the Court issued a minute order denying Plaintiff's motion for default judgment, stayed all discovery *sua sponte* pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, denied Plaintiff's motion for an expedited discovery schedule, motion to serve 125 interrogatories, and motion to compel hearing recording without prejudice. (ECF No. 57.) Additionally, the Court stayed all other motion practice pending the resolution of the motion for abstention and motion to dismiss, except for Plaintiff's pending motion for sanctions. *Id*. The Court ordered that Defendants need not respond to stayed motions unless notified. *Id*.

On May 14, 2026, Plaintiff filed a request to continue the hearing set for June 3, 2026 as well as a filing titled "Consolidated Notice: Collapse of Abstention Predicates." (ECF Nos. 58, 59.) On May 26, 2026, Defendant CCTC filed an opposition to the motion for sanctions. (ECF No. 60.) Also on May 26, 2026, the Court issued a minute order granting Plaintiff's motion for an extension, directing Defendant ASBE to re-serve its motion to dismiss to Plaintiff within three (3) days of the order, giving Plaintiff fourteen (14) days from the date of re-service to file an opposition, and giving Defendant ASBE ten (10) days from the date of Plaintiff's opposition to

file a reply. (ECF No. 61.) The Court re-noticed the hearing set for June 10, 2026, to July 1, 2026, and reset the date of hearing on Plaintiff's motion to strike from May 20, 2026 to July 1, 2026. *Id*. Additionally, the Court struck Plaintiff's "Consolidated Notice" for being in violation of the Court's May 14, 2026 order. (ECF No. 61.)

On June 4, 2026, Plaintiff filed a reply to the motion for sanctions. (ECF No. 51.) On June 15, 2026, Plaintiff filed an opposition to Defendant ASBE's motion to dismiss. (ECF No. 65.) On June 23, 2026, the Court issued a minute order directing additional briefing on the issue of federal jurisdiction from Defendant CCTC pursuant to the Court's duty to *sua sponte* raise the issue. (ECF No. 66.) The Court ordered Defendant CCTC to submit a brief on whether Plaintiff's claims are barred by the Eleventh Amendment within fourteen days of the order, and Plaintiff may submit an opposition thereafter. *Id*. The Court then reset the July 1, 2026 hearing for July 29, 2026. *Id*. On July 7, 2026, Defendant CCTC filed its brief on Eleventh Amendment Immunity. (ECF No. 72.) On July 13, 2026, Plaintiff filed his opposition to Defendant CCTC's brief. (ECF No. 74.)[1]

## LEGAL STANDARDS

Federal courts are courts of limited jurisdiction. A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction to hear the complaint. A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. *See United Investors Life Ins. Co. v. Waddell & Reed Inc*., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not"); *accord Rains v. Criterion Sys., Inc.,* 80 F.3d 339, 342 (9th Cir. 1996). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject

[1] In addition, on July 6, 2026, Plaintiff filed another motion for sanctions against Deputy Attorney General Jeff Stone pursuant to 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11 and noticed a hearing before the District Court Judge assigned to this case for August 12, 2026. (ECF No. 73.) Both Defendants CTCC and ASBE filed oppositions to Plaintiff's motion for sanctions on July 20, 2026. (ECF Nos. 75, 76.) As the sanctions motion is not before the undersigned, however, it will not be addressed herein.

matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

**DISCUSSION**

**1. Operative Complaint**

On May 11, 2026, Plaintiff submitted a filing titled "First Amended Complaint." (ECF No. 47.) Under the Federal Rules of Civil Procedure, a party may amend its pleading 21 days after service or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). In all other cases, a party must ask for the Court's leave or opposing party's written consent. Fed. R. Civ. P. 15(a)(2). Here, the first motion under Rule 12(b) was filed on March 5, 2026. (ECF No. 7.) Plaintiff did not file a First Amended Complaint until over two months after service of the motion, nor did he ask for leave of court. *See* Docket. Therefore, the Court will continue to recognize the original Complaint as the operative Complaint and strike the filing titled First Amended Complaint (ECF No. 47).

**2. Plaintiff's Emergency Supplemental Motion, Motion to Strike Defendant ASBE's Motion to Dismiss**

On March 10, 2026, Plaintiff filed a document tiled "Emergency Supplemental Motion." (ECF No. 9.) Upon review of the filing, the Court is unable to ascertain what relief Plaintiff is seeking because his requests are not supported by a citation to any Federal Rule of Civil Procedure. To the extent the motion seeks relief from the Court, it is denied without prejudice.

On May 11, 2026, Plaintiff filed a motion to strike Defendant ASBE's motion to dismiss as untimely. (ECF No. 52.) Defendant ASBE's motion to dismiss was filed on May 6, 2026, one day after the date to which the parties agreed in the notice of filing of waiver of service. *See* Docket; (ECF No. 12). Plaintiff sought default against Defendant ASBE on May 11, 2026, but the Clerk declined Plaintiff's request as Defendant ASBE had by then filed its motion to dismiss. (ECF Nos. 54, 55.) Even if Plaintiff were to have obtained default against Defendant ASBE,

however, a Court is permitted to set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). Further, "Federal Rule of Civil Procedure 12 does not provide a specific sanction for late filing of an answer." *McCabe v. Arae*, 827 F. 2d 634, 639 n.5 (9th Cir. 1987). The Court may impose sanctions "by exercising its inherent power," upon a showing of bad faith. *Id*. at 640 (citing *United States v. Stoneberger*, 805 F. 2d 1391, 1393 (9th Cir. 1986)).

While Defendant ASBE filed an untimely motion to dismiss according to the waiver of service, Defendant missed the deadline by exactly one day. This shows an intent to participate in litigation that is not indicative of bad faith. *See McCabe*, 827 F. 2d at 640 (upholding the district court's conclusion that a filing of a late answer was inadvertent in part due to the parties' participation in discovery). Therefore, the Court declines to issue sanctions against Defendant ASBE in the form of striking its motion to dismiss and denies Plaintiff's motion to strike.

**3. Requests for Judicial Notice**

A court may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Federal Rule of Evidence 201(b). Public records are properly the subject of judicial notice because the contents of such documents contain facts that are not subject to reasonable dispute, and the facts therein "can be accurately and readily be determined from sources whose accuracy cannot reasonably be questioned." Federal Rule of Evidence 201(b); *see Intri-Plex Techs. v. Crest Grp., Inc*., 499 F.3d 1048, 1052 (9th Cir. 2007).

Defendant CCTC requests judicial notice of Plaintiff's California State Court Petition for Writ of Mandate, Case No. 26WM000054. (ECF No. 28.) Defendant ASBE requests judicial notice of (1) Plaintiff's Complaint filed in the Superior Court of Arizona, Maricopa County, Case No. LC2026-000051-001; (2) Plaintiff's writ of mandate in California; and (3) The Arizona State Teacher Regulatory Framework, Title 15 of the Arizona Revised Statutes sections 15-534.04. (ECF No. 45-2 at 2.) The Court finds these exhibits properly subject to judicial notice and accordingly grants Defendants' requests.

/////

**4. Motion for Leave to File Supplemental Authority**

Plaintiff has filed a motion to leave to file supplemental authority to his opposition to the motion for abstention. (ECF No. 38.) Plaintiff has requested leave to address what he alleges is a "structural impossibility," that both Defendants CCTC and ASBE are referring to each of their respective state disciplinary actions as "ongoing," for the purposes of *Younger* abstention arguments, but are simultaneously final agency judgments which allow Defendant ASBE to revoke Plaintiff's state teaching license via reciprocity. (ECF No. 38 at 2, 4.) The Court grants Plaintiff's motion for leave to file supplemental authority and has considered Plaintiff's filing in its review. However, the supplemental authority does not change the outcome of the pending motions.

**5. Lack of Subject Matter Jurisdiction**

Defendant ASBE raises a motion to dismiss the Complaint for lack of subject matter jurisdiction. (ECF No. 45.) Upon receipt of the Court's order pursuant to the Court's duty to sua sponte raise the issue of federal jurisdiction, Defendant CCTC has also briefed the issue. (ECF No. 72); *see Bank Julius Baer & Co. Ltd. v. Wikileaks*, 535 F. Supp. 2d 980, 984 (N.D. Cal. 2008).

"The Eleventh Amendment provides that '[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.'" *Sato v. Orange County Department of Education*, 861 F. 3d 923, 928 (9th Cir. 2017) (quoting U.S. Const. amend. XI). There are two limited exceptions to Eleventh Amendment immunity: (1) if Congress abrogates sovereign immunity pursuant to its enforcement power under the Fourteenth Amendment; and (2) if the state in question were to consent to suit. *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense. Bd.*, 527 U.S. 666, 670 (1999).

In addition, under *Ex parte Young* and its progeny, a plaintiff may file a lawsuit against a state official "engaged in a *continuing* violation of federal law" for prospective equitable relief. *In re Ellett*, 254 F. 3d 1135, 1138 (9th Cir. 2001) (citing *Ex parte Young*, 208 U.S., 123, 159-160 (1908)) (emphasis added).

Defendants argue that Plaintiff's causes of action under 42 U.S.C. §§ 1983 and 1985 are barred under Eleventh Amendment immunity because Congress has not abrogated immunity for Plaintiff's claims arising under 42 U.S.C. §§ 1983 and 1985. (ECF No. 45-1 at 6; No. 72 at 4-5.) Defendants also argue *Ex Parte Young* does not apply because (1) Plaintiff is seeking retrospective relief; and (2) has only served governmental entities and not persons in their official capacity. (ECF No. 45-1 at 6; No. 72 at 6.) Finally, Defendants argue they have not consented to suit. (ECF No. 45 at 8; No. 72 at 6.)

In his opposition to Defendant ASBE's motion to dismiss, Plaintiff concedes that he "does not rely on Section 1983 to reach Defendant as an entity." (ECF No. 65 at 19.) Instead, Plaintiff cites to 42 U.S.C. § 2000d-7, which he argues abrogates or waives immunity with respect to his Title IX claim. (ECF No. 65 at 18-19.) In response to Defendant CCTC's supplemental brief, Plaintiff also concedes that he does not seek prospective relief in this action and appears to agree with Defendants that the *Ex parte Young* doctrine does not apply. (ECF No. 74 at 2.)

The Court agrees that Defendants CCTC and ASBE are state entities that possess immunity under 42 U.S.C. §§ 1983 and 1985. *See Mitchell v. Los Angeles Community College Dist*., 861 F. 2d 198, 201 (9th Cir. 1988) (abrogated on other grounds by *Crowe v. Oregon State Bar*, 112 F. 4th 1218 (9th Cir. 2024)) (finding California state colleges and universities are instrumentalities of the state that possess Eleventh Amendment immunity from Section 1983 and 1985 claims); *see Arizona Students' Association v. Arizona Board of Regents*, 824 F. 3d 858, 864 (9th Cir. 2016) (finding the Arizona Board of Regents to be an arm of the State of Arizona for Eleventh Amendment Purposes).

The Court further agrees with Defendants that the *Ex parte Young* doctrine does not apply to this action. While the Complaint appears to name Mary Vixie Sandy, Thomas Amey, Amy Reising, Arti Kumar, Garnett Burns, Katherine Haley, and Susan Williams as Defendants, none of these individuals have been served. *See* Docket. Further, none of these individuals have claims raised against them in their official capacities. (ECF No. 1 at 4-6.) Critically, Plaintiff concedes the relief he requests is not prospective in nature and that *Ex parte Young* does not apply. (ECF No. 74 at 2.)

Therefore, the Court concludes that Plaintiff's Section 1983 and 1985 claims against Defendants CCTC and ASBE are barred by Eleventh Amendment immunity and recommends that they be dismissed without leave to amend.

As to Plaintiff's Title IX claim, Defendant ASBE argues Title IX does not provide a waiver for the claims of relief sought. (ECF No. 45-1 at 7-8.) However, Defendant CCTC concedes that Eleventh Amendment sovereign immunity does not bar Plaintiff's Title IX claim. (ECF No. 72 at 4.) The Court finds that both Defendants have abrogated Eleventh Amendment immunity through receipt of Title IX funding. 42 U.S.C. § 2000d-7 provides "[a] State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of… title IX of the Education Amendments of 1972… or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance." 42 U.S.C. § 2000d-7. The Ninth Circuit has ruled that "Congress has properly abrogated state sovereign immunity for Title IX claims." *Stanley v. Trs. Of Cal. State Univ.*, 433 F. 3d 1129, 1133 (9th Cir. 2006). Therefore, the Court finds Plaintiff's Title IX claim against Defendants CCTC and ASBE are not barred by the Eleventh Amendment and recommends Defendant ASBE's motion to dismiss be denied regarding Plaintiff's Title IX claim.

**6. <u>Abstention</u>**

**a. *Younger***

Defendants CCTC and ASBE move to dismiss without prejudice or stay under *Younger.* (ECF No. 27-1 at 3-5, No. 45 at 17-18.) Conversely, Plaintiff argues a stay under *Younger* is not warranted because the elements are not satisfied, Plaintiff's writ in state court does not trigger *Younger* abstention, and there is bad faith and extraordinary circumstances barring application of *Younger*, among other arguments. (ECF No. 31 at 10-12.)

Principles of comity and federalism weigh against a federal court interfering with ongoing state proceedings by granting injunctive or declaratory relief except under extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43-54. *Younger* abstention is required when (1) state proceedings, judicial in nature, are pending; (2) state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional

issue. *Middlesex County Ethic Comm. v. Garden State Bar Ass'n*., 457 U.S. 423, 432 (1982).

Here, there are civil actions pending in the Sacramento County and the Maricopa County Superior Courts. (ECF No. 28 at 16-100, No. 45-3 at 2-134.) The Sacramento County action is a writ of mandate seeking judicial review of Defendant CCTC's investigation into Plaintiff's alleged misconduct and license termination. (ECF No. 28 at 16-100.) In the Maricopa County action Plaintiff is seeking judicial review of the revocation of his Arizona teaching license. (ECF No. 45-3 at 2.) Both disciplinary actions commenced long before the filing of Plaintiff's federal lawsuit. *See Alpha Epsilon Phi v. City of Berkeley*, 1995 WL 761257, at *2, *5-6 (N.D. Cal. Dec. 13, 1995) (finding a plaintiff's petition for a writ of mandate in state court to precede a federal action and noting the state action commenced at the beginning of the administrative proceedings under review).

Nonetheless, Plaintiff argues *Younger* abstention is not warranted because the Complaint was filed February 12, 2026, *before* Plaintiff's writ of mandate on March 5, 2026.[2] (ECF No. 31 at 12, No. 28 at 16.) However, an action's filing date is not dispositive of whether to grant *Younger* abstention, instead, courts are to look to whether "state court proceedings are *initiated* before any proceedings of substance on the merits have taken place in the federal court." *M&A Gabaee v. Community Redevelopment Agency of City of Los Angeles*, 419 F. 3d 1036, 1040 (9th Cir. 2005) (quoting *Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, 238 (1984). In deciding what constituted a "proceeding of substance on the merits," the court in *Hawaii Housing Authority* concluded that the issuance of a preliminary injunction meant the action "has proceeded well beyond the 'embryonic stage.'" *Hawaii Housing Authority*, 467 U.S. at 238. Because both the writ of mandate in Sacramento County and Plaintiff's action for judicial review in Maricopa County were initiated before the filing of Plaintiff's temporary restraining order on March 9, 2026, and the Court's findings and recommendations denying the temporary restraining order on March 13, 2026, the Court concludes both state actions are pending for the purposes of *Younger* abstention. (ECF Nos. 8, 14.)

---

[2] Plaintiff's action for judicial review in Maricopa County commenced February 6, 2026. (ECF No. 45-3 at 2).

Next, the state actions must concern important state interests, and the state proceedings must afford Plaintiff an adequate opportunity to raise the constitutional issues. In support of its motion for abstention, Defendant CCTC cites *Gilbertson v. Albright*, 381 F. 3d 965, 977 (9th Cir. 2004), which found a state's administration of its judicial system to be a sufficiently important state interest to merit *Younger* abstention. (ECF No. 27-1 at 4); *Gilbertson*, 381 F. 3d at 983. Likewise, Defendant ASBE argues that the state proceedings implicate important state interests of student safety, professional standards, and the administration of public education. (ECF No. 45-1 at 10.) Further, the Ninth Circuit has ruled that the mere availability of judicial review of a disciplinary proceeding satisfies the opportunity to litigate constitutional claims. *See Canatella v. California*, 404 F. 3d 1106, 1111 (9th Cir. 2005) (citing *Hirsh v. Justices of the Supreme Court of the State of California*, 67 F. 3d 708, 713 (9th Cir. 1995)). Therefore, the Court recommends that both actions be stayed under *Younger* abstention.

In his opposition to Defendant CCTC's motion, Plaintiff alleges *Younger* abstention should not be granted under the bad faith and harassment exception. (ECF No. 31 at 12.) "Bias exists where a court has prejudged, or reasonably appears to have prejudged, an issue." *Kenneally v. Lungren*, 967 F. 2d 329, 333 (9th Cir. 1992) (quoting *Partington v. Gedan*, 880 F. 2d 116, 121 (9th Cir. 1989)). One who alleges bias "must overcome a presumption of honesty and integrity in those serving as adjudicators." *Id*. (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). The Ninth Circuit has applied the following guidance in determining what constitutes an allegation of bad faith: "'it is only when the state proceeding is brought with no legitimate purpose that [the] state interest in correcting its own mistakes dissipates' and the 'bad faith' exception to *Younger* applies." *Applied Underwiters, Inc. v. Lara*, 37 F. 4th 579, 596-597 (9th Cir. 2022) (quoting *Diamond "D" Const. Corp. v. McGowan,* 282 F. 3d 191, 200 (2nd Cir. 2002).

Plaintiff alleges Defendant CCTC fabricated an investigation finding, the disciplinary hearing produced a "conduct unknown" finding on "the five relevant charges" against Plaintiff, and that Defendant CCTC has made an offer to restore Plaintiff's credential in exchange for dismissal of the federal lawsuit. (ECF No. 31 at 12.) To support these allegations, Plaintiff cites generally to "the agency's records," without additional guidance on where to find these exhibits

in the Complaint. *Id*. The Court finds Plaintiff's allegations of misconduct to be conclusory, insufficient to clear the Court's presumption of honesty and integrity, and will not deny *Younger* abstention based on the bad faith exception. *See Cornell v. Office of District Attorney, County of Riverside*, 616 F. Supp. 3d 1026, 1039 (C.D. Cal. 2022) (finding for defendant on bad faith argument where the evidence presented in favor is "simply too threadbare.").

The next consideration is whether to stay or dismiss without prejudice. "[F]ederal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary." *Quackenbush v. Allstate Ins. Co*., 517 U.S. 706, 731 (1996). However, courts are only permitted to enter a stay in damages actions. *Id*. at 730. In cases where there are claims for both equitable relief and damages, the proper course of action is to "dismiss the former and stay the latter, pending adjudication of the equitable claims at the state level." *Neary v. Miltronics Mfg. Services, Inc*., 534 F. Supp. 2d 227, 232 (D. N.H. 2008). In the Complaint's section titled "Injunctive Relief," Plaintiff demands an order requiring both Defendants to reinstate his respective teaching credentials "immediately," expunge all negative reports from the National Association of State Directors of Teacher Education and Certification Clearinghouse, and remove all references to "misconduct" or "insubordination" from Plaintiff's file, among other relief. (ECF No. 1 at 40-41.) Accordingly, the Court recommends Plaintiff's requests for injunctive relief be dismissed without prejudice, while his request for damages under Title IX be stayed pending the resolution of the Sacramento County Superior Court and Maricopa County Superior Court actions.

**b. *Burford***

Defendant CCTC moves for *Burford* abstention in addition to *Younger* abstention. (ECF No. 27-1 at 5-6.) *Burford* abstention allows for a federal court to decline to exercise jurisdiction to hear a case that involves an essentially local issue arising out of a complicated state regulatory scheme. *See Tucker v. First Maryland Sav. & Loan, Inc*., 942 F. 2d 1401, 1404 (9th Cir. 1991). The Ninth Circuit requires certain factors to be met before applying *Burford* abstention: "(1) that the state has concentrated suits involving the local issues in a particular court; (2) the federal issues are not easily separable from complicated state law issues with which state courts may

have special competence; and (3) that federal review might disrupt state efforts to establish coherent policy." *Id*. at 1405 (citing *Knudsen Corp. v. Nevada State Dairy Comm'n*, 676 F. 2d 374, 377 (9th Cir. 1982).

Plaintiff's writ of mandate in the Sacramento County Superior Court arises under Cal. Code Civ. Proc. §§ 1085, 1094.5. (ECF No. 28 at 16.) The Ninth Circuit has ruled that where a party in state court seeks review under these rules of California Civil Procedure, the first prong of *Burford* abstention is not met. *See Isthmus Landowners Ass'n, Inc. v. State of Cal*., 601 F. 2d 1087, 1090 (9th Cir. 1979). Section 1085 allows a writ of mandate to be issued by *any* court, indicating a lack of intent "to concentrate challenges to the actions of [Defendant CCTC] in a particular court or set of courts" to meet the first prong of *Burford* abstention. *Id*. at 1091; Cal. Code Civ. Proc. § 1085(a). Therefore, the Court recommends denying Defendant CCTC's motion for *Burford* abstention.

**c. *Colorado River***

Defendant CCTC has also moved for abstention under the *Colorado River* Doctrine. (ECF No. 27-1 at 7-9.) In *Colorado River*, the Supreme Court recognized that a stay or dismissal of federal proceedings in favor of parallel state proceedings may be warranted based on "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). The *Colorado River* doctrine applies only in "rare cases" and "only the clearest of justifications will warrant dismissal or stay." *United States v. State Water Res. Control Bd*., 988 F.3d 1194, 1202 (9th Cir. 2021) (citing *Colo. River Water Conservation Dist.,* 424 U.S. at 819).

The Ninth Circuit has articulated eight factors to determine the appropriateness of a stay pursuant to the *Colorado River* doctrine:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St. & Co. v. Transp. Ins. Co*., 656 F.3d 966, 978-79 (9th Cir. 2011). The factors do not

operate as a mechanical checklist, and "[t]he weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case. Some factors may not apply in some cases, and, in some cases, a single factor may decide whether a stay is permissible." *State Water Res. Control Bd*., 988 F.3d at 1203 (internal quotation and citations omitted). A district court "must stay, rather than dismiss, an action when they determine they should defer to the state court proceedings under *Colorado River*." *Coopers & Lybrand v. Sun-Diamond Growers of CA*, 912 F.2d 1135, 1138 (9th Cir. 1990).

i. *Parallelism of the Proceedings*

The "parallelism" factor "considers whether the parallel proceedings address 'substantially similar' claims." *Seneca Ins. Co., Inc. v. Strange Land, Inc*., 862 F.3d 835, 845 (9th Cir. 2017). "Though 'exact parallelism ... is not required,' substantial similarity of claims is necessary before abstention is available." *Id*. (quoting *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)). As a result, the parallelism factor is sometimes referred to as a "necessary precondition" to *Colorado River* abstention. Therefore, "the existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes a *Colorado River* stay or dismissal." *R.R. St. & Co. Inc v. Transport Ins. Co*., 656 F.3d at 982 (9th Cir. 2011) (internal quotation marks and citations omitted).

This federal action and the pending writ of mandate before the Sacramento County Superior Court have overlapping factual legal issues, but there is substantial doubt that the state action will resolve all claims raised in this federal action. While the writ of mandate raises claims under Section 1983 and Title IX, it is an action seeking judicial review of Defendant CCTC's decision to terminate Plaintiff's teaching license, and Defendant ASBE is not named as a party. (ECF No. 28 at 84-91.) Therefore, a stay under *Colorado River* would not resolve the Title IX claim against Defendant ASBE in federal court, and the Court concludes the suits are not parallel. *See Great American Ins. Co. v. Gross*, 468 F. 3d 199, 208 (4th Cir. 2006) (finding federal and state lawsuits are not parallel where a resolution of the state action would not resolve all federal claims). Accordingly, the Court recommends denying Defendant CCTC's motion to stay this action under *Colorado River* pending the resolution of the Sacramento County writ of mandate

action.

**7. Plaintiff's Remaining Motions**

The remaining motions pending before the Court are Plaintiff's motion for preliminary injunction, motion to compel production of audio recording, request for judicial correction of counsel, supplemental motion for a preliminary injunction, motion for sanctions, and "Motion for Equal Application of Procedural Standards Governing Default." (ECF Nos. 31, 48, 51, 56.)

Because the Court recommends dismissal of certain claims and application of *Younger* abstention to stay the remaining Title IX claim, the Court recommends Plaintiff's remaining motions be dismissed without prejudice.

**CONCLUSION**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's original Complaint (ECF No. 1) be deemed as the operative Complaint;
2. The filing titled "First Amended Complaint" (ECF No. 47) is STRUCK;
3. Plaintiff's "Emergency Supplemental Motion" (ECF No. 9) is DENIED;
4. Plaintiff's motion to strike Defendant ASBE's motion to dismiss (ECF No. 52) is DENIED;
5. Plaintiff's motion for leave to file supplemental authority (ECF No. 38) is GRANTED.

In addition, it is HEREBY RECOMMENDED that:

1. Defendant Arizona State Board of Education's motion to dismiss Plaintiff's Section 1983 and 1985 claims against Defendants California Commission on Teacher Credentialing and Arizona State Board of Education (ECF No. 45) is GRANTED and the claims be DISMISSED without leave to amend;
2. Further, Plaintiff's Section 1983 and 1985 claims against Defendant California Commission on Teacher Credentialing are DISMISSED without leave to amend;
3. Defendants California Commission on Teacher Credentialing and Arizona State Board of Education's motions to abstain (ECF Nos. 27, 45) are GRANTED and the remaining action associated with Plaintiff's Title IX claim against Defendants California

Commission on Teacher Credentialing and Arizona State Board of Education be STAYED via *Younger* abstention pending resolution of the matters *Stimson v. Commission on Teacher Credentialing*, Sacramento County Superior Court Case No. 26WM00054 and *Stimson v. Arizona State Board of Education*, Maricopa County Superior Court Case No. LC2026-00051-001.

4. Defendant California Commission on Teacher Credentialing's requests to stay this action under *Burford* and *Colorado River* be DENIED (ECF No. 27);
5. The following motions be DENIED without prejudice:
    a. Plaintiff's motion for a preliminary injunction, motion to compel production of audio recording (ECF No. 31);
    b. Plaintiff's supplemental preliminary injunction (ECF No. 48);
    c. Plaintiff's motion for sanctions (ECF No. 51);
    d. Plaintiff's "Motion for Equal Application of Procedural Standards Governing Default and Relief from Default" (ECF No. 56); and
6. The parties be required to file a status report as to the status of the state court actions every sixty (60) days from the date of the adoption of these Findings and Recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: July 27, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, stim.26cv393.mtd